# JUNE 23, 1937

LEON BRAMMER V. THE STATE.

No. 19016.   Delivered May, 19, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Howth, Adams & Hart* and *Mike Daughtry,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The State's proof showed that appellant burglarized the place of business of the Railway Express Agency in Port Arthur. Testifying in his own behalf, appellant admitted his guilt, but declared that R. L. Spurill, who was employed by the sheriff, induced him to commit the offense.

Appellant contends that the conviction should not stand because of the fact that he was entrapped. There is no testimony that the owner of the burglarized premises had anything to do with originating the offense. In short, neither the owner nor any person in charge of the premises was shown to have been connected in any manner with the alleged entrapment of appellant. It follows that we are of opinion that the evidence is sufficient.

It was elicited from appellant that he had theretofore been convicted of other felonies. Appellant excepted to the charge of the court for its failure to limit such testimony to the purpose of impeachment. Such a charge would have been proper. However, in the state of the record, the failure of the court to respond to the exception cannot be held to constitute reversible error. Appellant was in no position to ask for a suspended sentence, having theretofore been convicted of a felony; and no application was before the jury requesting the suspension of the sentence. The jury assessed the minimum penalty. In his testimony appellant admitted his guilt.

In his motion for a new trial appellant alleged that a prejudiced juror had served. It appears that said juror had on an occasion with many others been appointed a deputy sheriff during a strike. The sheriff who appointed said juror was a witness in the present case. There is nothing in the record to show that the juror was prejudiced.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the appellant's motion for rehearing and have reached the conclusion that the proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is therefore overruled.

*Overruled.*